O

# United States District Court
# Central District of California

| | |
|---|---|
| EDWARD DOUILLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC et al.,<br><br>　　　　　Defendants. | Case № 2:24-cv-09398-ODW (AGRx)<br><br>**ORDER DENYING MOTION TO REMAND [13]** |

On October 30, 2024, Defendant Mercedes-Benz USA, LLC removed this lemon-law action from state court based on alleged diversity jurisdiction. (Notice Removal, ECF No. 1.) On November 27, 2024, Plaintiff Edward Douille moved to remand the action back to state court. (Mot. Remand ("Motion" or "Mot."), ECF No. 13.) Defendant opposes Plaintiff's Motion, in part, on the basis that Plaintiff failed to comply with Local Rule 7-3's pre-filing meet and confer requirements. (Opp'n 1–2, ECF No. 14.) Having carefully considered the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Excluding certain exceptions not relevant here, prior to filing a motion in the Central District of California, Local Rule 7-3 requires that "counsel . . . shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of

the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. This conference shall take place at least seven days prior to the filing of the motion. *Id.* If the parties are unable to reach a resolution, counsel for the moving party must include in the notice of motion the following statement: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." *Id.* Because of the importance of Local Rule 7-3 in furthering judicial economy and the administration of justice, this Court reminds counsel of their meet and confer obligations in the Court's Standing Order. *See* Hon. Otis D. Wright, II Standing Order § VII.A.2., https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii ("Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court."). Parties must strictly adhere to the Local Rules of this district, and a district court has the discretion to strike any motion that fails to comply with the Local Rules. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); C.D. Cal. L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.").

  Plaintiff asserts that he "attempted to telephonically meet and confer prior to the filing of this Motion" by sending an email to Defense counsel on November 26, 2024, "inquiring as to availability," and leaving detailed voicemails "on November 26 and 27, 2024." (Notice Mot. 2, ECF No. 13.) When Defense counsel did not telephone by November 27, 2024, Plaintiff construed the lack of immediate response as an "impasse," and filed the Motion. (*Id.*)

  Plaintiff's "attempt" to meet and confer does not come close to compliance with the Court's rules, and the Court finds Plaintiff's counsel's representation that it does particularly troubling. Plaintiff waited until one day before filing the Motion to attempt to contact Defense counsel, which by itself violates the requirement to meet and confer at least seven days before filing. Further, Plaintiff waited until the days immediately preceding a national holiday, during a week when many businesses are

closed. This smacks of gamesmanship and litigation by ambush, and will not be tolerated in this Court.

Local Rule 7-3's direction that the parties meet and confer to discuss the substance and potential resolution of an anticipated motion is not a mere suggestion to be cavalierly set aside when its dictates are inconvenient. Courts in this district have denied or struck motions based on a party's failure to comply with Local Rule 7-3. *See, e.g., Boedeker v. Farley*, No. 8:19-cv-02443-DOC (JDEx), 2020 WL 2536969, at *1 ("Because Defendants inexcusably breached Local Rule 7-3, the Court hereby denies Defendants' Motion."); *R.H. v. City of San Bernadino*, No. 5:18-cv-01232-JLS (KKx), 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) ("Accordingly, because Defendants failed to comply with Local Rule 7-3, the Court STRIKES both Motions . . . and vacates the . . . hearing date."). The Court finds similar consequences appropriate here.

Accordingly, due to Plaintiff's inexcusable breach of Local Rule 7-3 and gamesmanship, the Court **DENIES** Plaintiff's Motion to Remand and **VACATES** the January 13, 2025 hearing. (ECF No. 13.) Considering Plaintiff's counsel's representations here, the parties are cautioned that the Court will require strict compliance with the Local Rules and the Rules of this Court. The parties are advised to review the Rules carefully and thoroughly before proceeding in this action.

**IT IS SO ORDERED.**

January 6, 2025

_____
          **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**